# EXHIBIT A

Joshua M. Green (#13715)
Emily K. Cross (#17191)
**GREEN LEGAL GROUP, P.C.**
3115 E. Lion Ln., Suite 160
Salt Lake City, UT 84121
Telephone: (801) 405-7827
Facsimile: (801) 212-9888
Email: josh@ggutah.com
Email: ecross@ggutah.com

*Counsel for Plaintiff*

Date _____ Time _____
R _____
Upon _____
_____
Deputy - Private Investigator - Process Server
Constable Reitz, Salt Lake County
7026 Commerce Park Dr. #101, Midvale, UT
84047    (801) 255-5468

---

| IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR SUMMIT COUNTY, STATE OF UTAH | |
|---|---|
| RACHEL HAGEMANN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>VERIZON WIRELESS SERVICES, LLC, a foreign limited liability company, AKA WIRELESS, INC., a North Carolina Corporation, DBA VICTRA, ABC PHONES OF NORTH CAROLINA, INC., a North Carolina Corporation, DBA VICTRA PARK CITY PARK AVE., and ESTEBAN DE JESUS ANICA, an individual<br><br>Defendants. | **SUMMONS**<br><br>Case No. 190500538<br><br>Judge: Kent Holmberg |

**THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

Verizon Wireless Services, LLC
1108 E. South Union Ave.
Midvale, UT 84047

**GREETINGS. YOU ARE HEREBY SUMMONED** and required to file an Answer or other response in writing to the Complaint that has been filed with the Clerk of the **Third District Court,** located at **6300 Justice Center Road, Ste. A, Park City, Utah 84098,** a copy of which is provided to you along with this Summons, and to mail or otherwise serve a copy of your Answer or other response to counsel for Plaintiff at the address provided above, within **TWENTY ONE (21) DAYS** after service of this Summons upon you if you were served in Utah, or within **THIRTY (30) DAYS** if you were served outside Utah.

If you fail to file and serve a written Answer or other response to the Complaint within the permitted time, you will be in default and a Judgement may then be entered granting all of the relief requested in said Complaint.

**DATED** this 10th day of December 2019.

/s/ Joshua M. Green
*Counsel for Plaintiff*

2

Joshua M. Green (#13715)
Emily K. Cross (#17191)
**GREEN LEGAL GROUP, P.C.**
3115 E. Lion Ln., Suite 160
Salt-Lake-City,-UT-84121
Telephone: (801) 405-7827
Facsimile: (801) 212-9888
Email: josh@ggutah.com
Email: ecross@ggutah.com

*Counsel for Plaintiff*

---

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| RACHEL HAGEMANN, an individual<br><br>    Plaintiff,<br><br>vs.<br><br>VERIZON WIRELESS SERVICES, LLC, a foreign limited liability company, AKA WIRELESS, INC., a North Carolina Corporation, DBA VICTRA, ABC PHONES OF NORTH CAROLINA, INC., a North Carolina Corporation, DBA VICTRA PARK CITY PARK AVE., and ESTEBAN DE JESUS ANICA, an individual<br><br>    Defendants. | **COMPLAINT**<br><br>Case No. 190500538<br><br>Judge: Kent Holmberg |

Plaintiff, Rachel Hagemann ("Hagemann"), an individual, by and through counsel hereby

complains against Verizon Wireless Services, LLC ("Verizon"), AKA Wireless, Inc., ("AKA

Wireless") DBA Victra, ABC Phones of North Carolina ("ABC Phones"), DBA Victra Park City

Park Ave. and Esteban de Jesus Anica ("Anica"), an individual, (collectively referred to herein

as the "Defendants") and allege as follows:

## PARTIES

1.      Plaintiff is an individual residing in Summit County, Utah.

2.      Verizon is a foreign limited liability company with a principle place of business in Basking Ridge, New Jersey.

3.      AKA Wireless is a North Carolina Corporation doing business as Victra in the State of Utah.

4.      ABC Phones is a North Carolina Corporation unauthorized to do business as Victra Park City Park Ave. in the State of Utah.

5.      Anica is an individual residing in Summit County, Utah.

## JURISDICTION AND VENUE

6.      This is a civil action for, among other things, invasion of privacy, breach of contract and bailment, conversion, negligent supervision, and intentional infliction of emotional distress brought by Plaintiff pursuant to the laws of the State of Utah.

7.      This court has jurisdiction over the subject matter of this action pursuant to Utah Code Ann. § 78A-5-102(1).

8.      Personal jurisdiction in this district is proper inasmuch as:

    a.  Verizon is authorized to do business in Utah and conducts substantial business in Summit County, Utah;

    b.  AKA Wireless DBA Victra is authorized to do business in Utah and conducts conducts substantial business in Summit County, Utah;

    c.  ABC Phones, despite operating under a DBA not registered with the State of Utah, through Victra Park City Park Ave conducts substantial business in Summit County, Utah.

2

d.  At all times material hereto, Victra and Victra Park City Park Ave. acted as an

agent, servant, representative, vendor, and partner of Verizon and held

themselves out to the public as a Verizon-authorized retailer.

e.  Defendants' wrongful acts have occurred in Utah, Defendants have otherwise

purposely availed themselves of the privileges and benefits of the laws of the

State of Utah and Summit County, and therefore are subject to the jurisdiction

of this Court.

9.      Venue is proper in this district pursuant to Utah Code Ann. §§ 78B-3-304 & 78B-

3-307.

## GENERAL ALLEGATIONS

10.     Verizon is a nationwide retailer, provider, and servicer of cellular phones and

cellular phone service, along with related cellular phone equipment, merchandise, and services.

11.     Verizon does business through retail and service stores situated throughout the

State of Utah, including the location at 1700 Park Avenue Ste. 103B in Park City.

12.     At its retail and service locations, including the aforementioned store in Park City,

Verizon, through its authorized dealers, distributors, franchisees, agents or representatives,

conducts retail sales of cellular phones, service plans, and accessories to members of the public

and also services and repairs customers' existing cellular phones.

13.     Victra is an authorized dealer, distributor, franchisee, agent or representative of

Verizon that sells, services, and advertises Verizon products and services at 1700 Park Avenue

Ste. 103B in Park City, on behalf of and for the benefit of Verizon.

14.     At all times material hereto, Victra was an authorized, licensed dealer or

distributor of Verizon products and services, which marketed and sold Verizon products and

3

services, including Verizon technical support using Verizon computer networks and systems, using and displaying the Verizon logo and using and implementing Verizon marketing and promotional tools, including the use of Verizon-sponsored and approved sales techniques.

15.     Neither the business premises nor the employees within the store at 1700 Park Avenue Ste. 103B in Park City make any material distinction between Verizon and Victra; the premises are advertised as a "Verizon" store, the employees are referred to and call themselves "Verizon" employees, the employees wear uniforms and accessories identifying themselves as "Verizon" representatives, and the products and services offered and provided are all "Verizon" products or services.

16.     For all practical purposes to Hagemann and any member of the public, Victra employees at 1700 Park Avenue Ste. 103B in Park City were Verizon employees and, at all times material hereto, were acting as the authorized representatives, employees, and agents of Verizon.

17.     At all times material hereto, Anica was employed as a salesperson and technical consultant by Victra and was engaged in the business of promoting, demonstrating, and selling Verizon products to members of the public, including Hagemann.

18.     On October 24, 2019, Hagemann visited the Victra store located at 1700 Park Avenue Ste. 103B in Park City to replace her broken iPhone and transfer the existing data to the new iPhone.

19.     Anica assisted Hagemann in purchasing a replacement iPhone and transferring the existing data on the broken iPhone to her new iPhone.

20.     On information and belief, the transfer of a customer's existing data from one cellular device to another is a service commonly provided by Victra and Verizon.

4

21.     Hagemann's existing data consisted of all the electronically stored information she had accumulated on her broken iPhone, including, but not limited to, photos, contact information, applications and their relative contents, and other personal information.

22.     Among the existing data stored on Hagemann's broken iPhone were a number of photos of Hagemann in an undressed, semi-dressed, or nude state. These photos were of a highly personal nature.

23.     During the process, Anica told Hagemann that her data transfer could take a while and mentioned Hagemann was welcome to leave the store and return later to pick up her new iPhone.

24.     Hagemann left the store to run errands and returned to pick up her new iPhone approximately one hour later.

25.     During the evening of October 24th, 2019, Hagemann noticed a text message thread displayed on her computer's iMessage account that was not displayed on her new iPhone.

26.     The text message thread was sent from Hagemann's phone number to an unknown number at (323) 338-2414 between approximately 2:33 p.m. and 2:50 p.m.

27.     The text message thread contained eleven of Hagemann's private photos depicting her in an undressed, semi-dressed, or nude state.

28.     Hagemann did not consent to or voluntarily share her private photos with the recipient at the unknown number and was devastated, humiliated, and distressed to discover such a violation.

29.     The time frame in which the photos were sent from Hagemann's phone number to the unknown number was the exact time frame in which Hagemann left her new iPhone with Anica at Verizon.

30.     On information and belief, Anica deleted the incriminating text message thread on Hagemann's new iPhone, which showed Hagemann's private photos being sent to the unknown number, to avoid detection.

31.     However, Hagemann maintained an iMessage account on her computer which synchronized with her iCloud account.

32.     Thus, the text messages containing Hagemann's private photos Anica sent himself from Hagemann's phone were still visible on Hagemann's computer, despite not being displayed on her new iPhone.

33.     Upon making the discovery at approximately 7:43 p.m., Hagemann texted the unknown number "sick fuck!" and "I'll get you fired!"

34.     Shortly thereafter, the recipient of Hagemann's photos at the unknown number responded "I'm sorry ma'am, that wasn't my intention. Your canvas inspired me, it was a beautiful piece of art. I know I made a terrible mistake. I have deleted your art and ask for your forgiveness" and "Im [sic] truly sorry, I feel horrible. I would do anything to make this right."

35.     Hagemann responded, "I've called the police. Sorry dude – that was a big mistake" and "Please do not contact me anymore."

36.     Hagemann immediately reported Anica's conduct to the Park City Police Department.

37.     On November 1, 2019, Park City Police Officer Clinton Johnson arrested Anica for Computer Crimes under Utah Code Ann. §76-6-703(1)(E).

38.     During his interview with Officer Johnson, Anica confirmed his phone number is (323) 338-2414; the unknown number and recipient of Hagemann's private photos.

6

39.     Anica was subsequently charged by the State of Utah with Computer Crimes under Utah Code Ann. §76-6-703(1)(C) on November 8, 2019.

First Cause of Action
**(Invasion of Privacy – Intrusion and Utah Constitutional Right to Privacy)**

40.     Plaintiff re-alleges and incorporates herin, as if set forth in full, the foregoing allegations of the Complaint.

41.     Plaintiff had a reasonable expectation of privacy in the private photos Anica mishandled.

42.     By failing to keep Plaintiff's private photos/data safe and by misusing and disclosing said photos/data to unauthorized parties for unauthorized use, Anica invaded Plaintiff's privacy by:

> a.  intruding into Plaintiff's private affairs in a manner that would highly offensive to a reasonable person;
>
> b.  violating Plaintiff's right to privacy under Utah Constitution, Article 1, Section 1, through the improper use of Plaintiff's private information properly obtained for a specific purpose for another unauthorized purpose.

43.     Anica knew or acted with reckless disregard of the fact that a reasonable person in Plaintiff's position would consider Anica's actions highly offensive.

44.     Anica invaded Plaintiff's right to privacy and intruded into Plaintiff's private affairs by misusing Plaintiff's private information without her informed, voluntary, affirmative, and clear consent.

45.     As a direct and proximate result of such misuse, Plaintiff's reasonable expectation of privacy in her private information was unduly frustrated and thwarted, and that Anica's conduct amounts to a serious invasion of Plaintiff's protected privacy interests.

7

46.     Anica and Verizon had a duty to protect Plaintiff's private information and that by

failing to protect and in misusing Plaintiff's private photos, Anica acted with malice, oppression,

and in conscious disregard of Plaintiff's rights to have such information kept confidential and

private.

47.     Plaintiff accordingly seeks and award of damages, including punitive damages,

costs and attorney fees in an amount to be determined at trial, but in an amount not less than

$50,000.00.

### Second Cause of Action
(Breach of Contract)

48.     Plaintiff re-alleges and incorporates herein, as if set forth in full, the foregoing

allegations of the Complaint.

49.     Plaintiff delivered and entrusted her new iPhone, containing private photos, to

Victra, a Verizon-authorized retailer, for the sole purpose of receiving paid services from

Defendants.

50.     Verizon made representations and entered into contractual and implied

contractual relations regarding Verizon's duty to safeguard Plaintiff's private information,

including, but not limited to Verizon's representation that:

> "We use technical, administrative and physical safeguards to help protect against
>
> unauthorized access to, use or disclosure of information we collect or store. In
>
> addition, we train our employees on the importance of privacy, security, and the
>
> proper ways to access, use and disclose customer information. Our practices and
>
> policies prohibit employees with whom we share this information from using
>
> selective information unless they are authorized to do so and have a business
>
> need. They also require us to keep personally identifiable and other sensitive

8

records only as long as reasonably necessary for business, accounting, tax or legal purposes."

*Verizon Full Privacy Policy*, Verizon, https://www.verizon.com/about/privacy/full-privacy-policy (last updated Oct. 2019.)

"We use vendors and partners to help us offer, provide, repair, restore and bill for services. We share information with them as necessary for them to perform work for us. They are required to protect information they receive from us or collect on our behalf and can use it only for the purpose for which we provide it."

*Id.*

51.     Verizon's Privacy Policy created contractual obligations with Verizon towards its customers, including Plaintiff, established via representation and a pattern of conduct.

52.     Verizon breached its contract to safeguard Plaintiff's privacy by failing to enforce its Privacy Policy and failing to maintain reasonable security protocols and practices to protect such information as her private photos.

53.     Plaintiff asserts as a result of these breaches of duty and contract, Plaintiff has suffered harm and is entitled to an award of damages, including punitive damages, as well as reimbursement of her costs and attorney fees in an amount to be determined at trial, but in no event less than $50,000.00.

### Third Cause of Action
### (Breach of Contract and Bailment)

54.     Plaintiff re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

55.     Plaintiff delivered and entrusted her new iPhone, containing private photos, to

9

Victra for the sole purpose of receiving paid services from Defendants.

56.     Plaintiff alleges Victra made representations and entered into contractual and implied contractual relations regarding Victra's duty to safeguard Plaintiff's private information, including, but not limited to Victra's representation that:

> "Except as explained in our Privacy Policy, in privacy policies for Verizon, or in separate agreements with our guests, VICTRA does not sell, license, or share information that individually identifies our guests with others outside of VICTRA, who are not doing work on VICTRA's behalf without the guest's consent."
>
> *Victra Privacy Policy*, Victra, https://www.victra.com/privacy-policy.aspx (last visited Dec. 10, 2019.)

57.     Victra's Privacy Policy creates contractual obligations with Victra toward its customers, including Plaintiff.

58.     Under Utah State law, breach of contract alone does not call for punitive damages even if intentional and unjustified, however such damages are permissible if there is an independent tort indicating malice, fraud or wanton disregard for the rights of others. *Hal Taylor Assocs v. Unionamerica, Inc.,* 657 P.2d 743, 750 (Utah 1982).

59.     The wanton refusal or failure to implement even basic safeguards or uphold Victra or Verizon's Privacy Policy in order to prevent employees from accessing and transmiting Plaintiff's private information warrants the imposition of punitive damages against Victra pursuant to the independent intentional torts committed by Defendants.

10

60.     Victra breached its duty to safeguard her privacy by failing to enforce its Privacy
Policy and failing to maintain reasonable security protocols and practices to protect such
information as her private photos.

61.     During the time of bailment, Victra owed Plaintiff a duty to safeguard her
information properly and maintain reasonable security procedures and practices to protect such
information as is set forth in Victra's Privacy Policy. Plaintiff alleges Victra breached this duty.

62.     As a result of these breaches of duty, breach of contract, and breach of bailment,
Plaintiff has suffered harm in an amount to be determined at trial, including costs and attorney
fees, but in no event less than $50,000.00.

### Fourth Cause of Action
### (Conversion)

63.     Plaintiff re-alleges and incorporates herein, as if set forth in full, the foregoing
allegations of the Complaint.

64.     Plaintiff was the owner and possessor of her private photos.

65.     As a result of Anica's wrongful conduct, Anica interfered with Plaintiff's rights to
possess and control such property, to which she had a superior right of possession and control at
the time of conversion.

66.     Plaintiff did not consent to Anica's mishandling and transfer of her private
information.

67.     As a direct and proximate result of the Anica's conduct, Plaintiff suffered injury,
damage, loss, or harm and therefore seeks damages, including costs and attorney fees in an
amount to be determined at trial, but in no event less than $50,000.00

11

68.     In converting her private information, Anica acted with malice, oppression, and in conscious disregard of the Plaintiff's rights. Plaintiff accordingly seeks an award of punitive damages in an amount no less than $50,000.00.

## Fifth Cause of Action
### (Intentional Infliction of Emotional Distress)

69.     Plaintiff re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

70.     Anica knowingly transferred private photos from her iPhone to himself without Plaintiff's knowledge, consent, or authorization.

71.     Anica reasonably knew or should have known transferring Plaintiff's private photos from her iPhone to his phone would result in the infliction of emotion distress upon Plaintiff.

72.     Anica's actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.

73.     Plaintiff has suffered injury and has been damaged as a direct and proximate result of Anica's actions. Damages include, but are not limited to, mental and psychological injury and trauma, mental and emotional anguish and embarrassment, pain and suffering, invasion of privacy, loss of the capacity for the enjoyment of life, and the aggravation of any pre-existing conditions. These damages are continuous in nature.

74.     As a result, Plaintiff has suffered harm and is entitled to award of damages, including costs and attorney fees, in an amount to be determined at trial, but in no event less than $50,000.00

## Sixth Cause of Action
### (Negligent Supervision)

12

75.     Plaintiff re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

76.     Victra, at all times material hereto, was Anica's employer and had the duty, responsibility, and authority to exercise supervisory control over Anica.

77.     Victra breached its duty to exercise supervisory control over Anica in its failure to maintain reasonable security protocols and practices to protect Plaintiff's private information and in allowing Anica to access and send himself private photos from Hagemann's iPhone and iCloud account.

78.     The private photos, only accessible by Anica while providing Hagemann data transfer services in Victra's name, were unlawfully transferred from Hagemann's iPhone to Anica's phone.

79.     Plaintiff has suffered injury and damages alleges as a direct and proximate result of Victra's negligent, careless, and reckless acts and omissions, set forth in the preceding Causes of this Complaint and as a result is entitled to damages, plus costs and attorney fees, in an amount to be determined at trial, but in no event less than $50,000.00.

## Seventh Cause of Action
### (Negligent Supervision)

80.     Plaintiff re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

81.     Victra, at all times material hereto, was Verizon's agent or representative, and Verizon had the duty, responsibility, and authority to exercise supervisory control over Victra's implementation of Verizon's Privacy Policy.

82.     Verizon breached its duty to exercise supervisory control over Victra in its failure to maintain reasonable security protocols and practices to protect Plaintiff's private information

13

and in allowing Victra's failure to implement safeguards, which allowed their employee to access and send himself private photos from Hagemann's iPhone and iCloud account.

83.     The private photos, only accessible by Verizon's agent and representative while providing Hagemann data transfer services in Victra and Verizon's name, were unlawfully transferred from Hagemann's iPhone to Anica's phone.

84.     As a result, Plaintiff has suffered injury and damages as a direct and proximate result of Verizon's negligent, careless, and reckless acts and omissions, set forth in the preceding Causes of this Complaint and is entitled to damages, including costs and attorney fees, in an amount to be determined at trial, but in no event less than $50,000.00.

### Eighth Cause of Action
### (Punitive Damages - § 78B-8-201)

85.     Plaintiff repeats and realleges and incorporates by reference the foregoing allegations, as if fully stated herein.

86.     Pursuant to Utah Code Ann. § 78B-8-201, Plaintiff's damages were the result of Defendants' willful, malicious acts, or, at the very least, conduct that manifests a knowing and reckless indifference toward, and a disregard of, Plaintiff's rights which entitles her to an award of punitive damages to ensure such abusive tactics taken by Defendants will never be employed against others in the future.

### Relief Requested

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

87.     That Plaintiff be awarded her actual damages sustained as a result of Defendants' wrongful actions, in an amount to be determined;

88.     That Plaintiff be awarded punitive damages;

14

89.     That Defendants be deemed liable for and ordered to reimburse Plaintiff for her

reasonable attorney's fees;

90.     That Plaintiff receive such other and further relief to which she may be entitled as

the Court deems appropriate.

DATED this 10th day of December 2019

GREEN LEGAL GROUP, P.C.

/s/ Joshua M. Green
Joshua M. Green
Emily K. Cross
*Attorneys for Plaintiff*

15