IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RACHEL HAGEMANN,<br><br>Plaintiff,<br><br>vs.<br><br>VERIZON WIRELESS SERVICES, LLC, a foreign limited liability company; AKA WIRELESS, INC., a North Carolina corporation, d/b/a VICTRA; ABC PHONES OF NORTH CAROLINA, INC., a North Carolina Corporation, d/b/a VICTRA PARK CITY PARK AVE.; and ESTEBAN DE JESUS ANICA, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO SHOW CAUSE<br><br>Case No. 2:20-cv-17-TC |

Plaintiff Rachel Hagemann originally filed her case against four defendants in Utah state court. She named individual Esteban de Jesus Anica and three corporate entities—Verizon Wireless Services, AKA Wireless, and ABC Phones of North Carolina (the Corporate Defendants)—as defendants. On January 10, 2020, the Corporate Defendants removed Ms. Hagemann's complaint to this court. (See Notice of Removal, ECF No. 2.)

The Notice of Removal invokes the court's diversity jurisdiction.[1] To establish diversity jurisdiction, the removing parties must show that the amount in controversy exceeds $75,000,

---

[1] Federal question jurisdiction is not available to them because all of Ms. Hagemann's claims are based on state law. (See Compl., ECF No. 2-1.)

1

and that the citizenship of the defendants is completely diverse to the plaintiff's.  28 U.S.C. § 1332(a).  Ms. Hagemann is a citizen of the State of Utah.  The Corporate Defendants assert that they are citizens of other states.  But Mr. Anica, their Co-Defendant, is a citizen of Utah.  On the face of the complaint, his presence destroys diversity of citizenship.

The Corporate Defendants address that issue by asserting that the court should not consider Mr. Anica's status as a Utah citizen: "On information and belief, however, Mr. Anica has not been served.  Moreover, on information and belief, Mr. Anica was only named as a defendant in an improper attempt to destroy diversity."  (Notice of Removal at p. 2 n.1.)

Based on a review of the Complaint, the Notice of Removal, and federal jurisdiction law, the court is concerned that it does not have subject matter jurisdiction.  The fact that Ms. Hagemann has not challenged removal has no significance, because subject matter jurisdiction may not be waived.  <u>Gonzalez v. Thaler</u>, 565 U.S. 134, 141 (2012).  The court must satisfy itself that it has jurisdiction, and it may do so at any point in the litigation.  <u>Davis ex rel. Davis v. United States</u>, 343 F.3d 1282, 1295 (10th Cir. 2003).

The court has identified multiple problems with the Notice of Removal's assertion that the court has jurisdiction.  First, the fact that Mr. Anica has not been served is not a basis for ignoring his presence in the lawsuit.  <u>United States for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.</u>, 55 F.3d 1491, 1495 (10th Cir. 1995).

Second, listing Verizon Wireless Services, LLC, as a New Jersey corporation is not sufficient to establish its diverse citizenship.  The citizenship of every member of an LLC must be considered when determining whether diversity has been established.  Accordingly, to allege diversity jurisdiction in a case involving a limited liability company, the party attempting to establish jurisdiction must list not only the citizenship of the LLC entity but also the name and

citizenship of each member of the LLC, each of whom must have citizenship different than the plaintiff's citizenship. "Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association [such as an LLC] for purposes of diversity, federal courts must include all the entities' members." Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990)). And if a member of the LLC is itself an LLC, the members of that entity must also be alleged. In this case, neither the Complaint nor the Notice of Removal lists the members of Verizon Wireless Services, LLC. Without that information, which must come from the Corporate Defendants, the court cannot assess diversity.

Finally, the Corporate Defendants allege that Ms. Hagemann added Mr. Anica as a defendant for the improper purpose of destroying diversity. But they do not provide any support for that assertion. The removing party bears the burden to establish fraudulent joinder. Before the court can satisfy itself that it has subject matter jurisdiction, the Corporate Defendants must back up their contention that the court should ignore Mr. Anica's Utah citizenship. Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013).

At this point, given the information before the court, it does not have jurisdiction. For the foregoing reasons, the court hereby orders the Corporate Defendants to show cause why the court should not remand the case to the Third District Court for the State of Utah for lack of jurisdiction. The response to this order to show cause must be filed no later than May 18, 2020.

DATED this 20th day of April, 2020.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge